# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| **CINTHIA MEJIA-DELCID** | **CASE NO.  6:26-CV-2117 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MARKWAYNE MULLIN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas corpus</u> filed by Cinthia Mejia-Delcid, ("Petitioner'), pursuant to 28 U.S.C. § 2241.  Petitioner is an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana.  Petitioner challenges her detention and seeks her immediate release or, in the alternative, an individualized bond hearing before an immigration judge.

Petitioner is a native and citizen of Honduras.  Petitioner entered the United States on or around March 20, 2013.  On March 22, 2013, Petitioner was issued an Expedited Order for Removal, but that Order was never effectuated, and she was released on May 14, 2013.  On or around April 30, 2026, Petitioner was detained by the Department of Homeland Security and ICE assumed custody of her (Doc. 1).

For the reasons stated below, Petitioner's application for habeas relief seeking her release from detention should be dismissed without prejudice as premature and her claims regarding the lack of a bond hearing and attorney fees and costs should be dismissed with prejudice.

## LAW AND ANALYSIS

**Detention**

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner's claim is premature because when she filed this proceeding, she had not been detained for more than six months.  Although Petitioner was ordered removed from the United States on March 22, 2013, she has only been detained since April 30, 2026.  Petitioner filed this proceeding on June 22, 2026, less than six months after she was detained on April 30, 2026.  The court notes that six months after April 30, 2026, is October 30, 2026.  See Chance v. Napolitano, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in

post-removal-order detention longer than the presumptively reasonable six-month period" authorized by Zadvydas).

Accordingly, Petitioner's claim regarding her detention should be denied as premature.  Petitioner may refile her habeas claim should her detention become unconstitutional.

**Bond Hearing**

Petitioner seeks an individualized bond hearing as alternative relief to release from detention.  Petitioner is not entitled to a bond hearing.  She has a final order of removal and the authority for her detention is 8 U.S.C. Section 1231.  Under Section 1231, the Government is authorized to detain "noncitizens who have been ordered removed from the United States."  Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022).  "During the removal period"—i.e., after "an alien is ordered removed"—"detention is mandatory" for ninety days.  Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)).

Following the 90-day mandatory detention period, "An alien ordered removed who is inadmissible under section 1182 ... may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6).  Section 1231(a)(6), "does not" require "the Government to offer detained noncitizens bond hearings after six months of detention ...." Johnson, 596 U.S. at 575; see Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("§ 1231, unlike § 1226, does not entitle an alien to a bond hearing before an IJ.").

Furthermore, with respect to due process, Zadvydas addressed the extent to which due process demands relief in the § 1231(a) setting, concluding that relief is required only

when continued detention is unreasonable.  Consequently, the Government has not and is not violating Petitioner's right to due process.  See Hernandez-Esquivel v. Castro, 2018 WL 3097029, at *8-9 (W.D. Tex. June 22, 2018); Martinez v. Larose, 968 F.3d 555, 566 (6th Cir. 2020); Castaneda, 95 F. 4th at 760 ("[A] § 1231 detainee who fails the Zadvydas test fails to prove a due process violation.").

Accordingly, Petitioner's claim regarding a bond hearing should be dismissed with prejudice.

**Attorney Fees and Costs**

Petitioner seeks attorney fees and costs.  Petitioner is not entitled to attorney fees as the Fifth Circuit has held that recovery of attorney fees is not available in habeas corpus proceedings. See Barco v. Witte, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus seeking release from detention be **DISMISSED** as premature.  **IT IS FURTHER RECOMMENDED** that Petitioner's claims regarding bond and attorney fees and cost be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 10th day of July 2026.

Mark L. Hornsby
U.S. Magistrate Judge